## C. H. GRIFFIN v. THE STATE.

No. 5388.   Decided May 28, 1919.

1.—Swindling—Life Insurance—Premium of Insurance—Challenge to the Array—Statutes Construed—Jury Commissioner.

Article 5123 Revised Civil Statutes, providing that the same person shall not act as jury commissioner more than once during the same year, has been omitted in the codification; but besides, the same is only directory, in the absence of resulting injury, and there was no reversible error in failure to observe this statute, and in overruling the motion for challenge to the array to the jury.

2.—Same—Statutes Construed—Fraudulent Representation—Insufficiency of the Evidence.

Upon trial of making fraudulent representations to procure payment of premium of insurance, under Article 690 P. C., there must be in existence, when the fraudulent representations are made, an obligation to pay such insurance premium, and to constitute such obligation there must be a complete agreement, and where the facts in the instant case do not show such an obligation, the conviction could not be sustained.

3.—Same—Fraudulent Representations—Promises as to Future Events—Rule Stated.

The rule is that in cases dependent upon fraudulent representations that the same must not be mere false promises or professions as to future happenings or events, but must relate to something present or past. and where this is not shown by the evidence, under a prosecution of Article 690, P. C., the conviction cannot be sustained.

Appeal from the County Court of Hill.—Tried below before the Hon. R. T. Burns.

Appeal from a conviction under Article 690, P. C., by procuring payment of obligation for payment of premium of insurance by fraudulent representation; penalty, a fine of three hundred dollars.

The opinion states the case.

*Clarke, Vaughan & Abney* and *I. Dreeben,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant wa convicted in the County Court of Hill County, for a violation of an offense set forth by the terms of article 690, Vernon's P. C., and his punishment fixed at a fine of $300.

Appellant presented a preliminary motion or challenge to the array of the jury based upon various grounds but one of which was preserved by bill of exceptions, and is before us.

As here presented, it is claimed that said motion should have been sustained because of the fact that one of the jury commissioners who drew the jury for the week had served as such more than one time during the year, in derogation of article 5123, Revised Civil Statutes of Texas which specifically states that the same person shall not act as jury commissioner more than once during the same year.

This article was enacted in 1876 and was not carried forward into the Code Criminal Procedure in 1879 when the procedures in civil and criminal matters were separated and enacted into separate codes, Said article nowhere appears in our Code Criminal Procedure, and we can but think that the act of the legislature in omitting it was intentional. However, no penalty attaches to a failure to observe the provisions of said article, even if applicable to the practice in selecting or drawing juries to try criminal cases. We can conceive of no injury resulting from failure to observe said provision, and none is shown or attempted to be shown in the instant case. If applicable, the statute is directory only. The trial court did not err in overruling the challenge to the array.

Article 690, P. C.; under which this conviction was had, reads as follows: "Any such agent or solicitor who knowingly procures, by fraudulent representations, payment of an obligation for the payment of a premium of insurance shall be deemed guilty of a

misdemeanor, and. upon conviction, shall be punished by a fine of not less than one hundred dollars, nor more than one thousand dollars.''

We think it immaterial whether the same be written or oral, but in order to constitute the offense set forth in said article, there must be in existence, when the fraudulent representations are made, an obligation to pay an insurance premium. To constitute such obligation there must be a complete agreement, binding upon the obligor and enforceable by the obligee. In order to make one guilty under this article, he must, by fraudulent representations knowingly made, procure the payment of such an obligation. Do the facts in the instant case show an obligation, the payment of which was induced by fraudulent representations knowingly made by this appellant.

The injured party, Brown, testifies that appellant misrepresented to him the terms of an insurance policy in order to induce him to purchase same; that he signed an application therefor. This application is not in evidence and we are not apprised of the terms of the same in any way, except that the witness Thorpe testified that the policy issued to Brown was in exact accord with said application. If there was anything in said application creating any obligation upon said Brown we are left in ignorance of same, but it is reasonably certain that there could be no legal obligation created thereby except the contingent liability upon the said Brown to pay in the event a policy was delivered to him as applied for. Certainly, if the policy was not issued and delivered according to any contract evidenced by the application, no obligation would be created against Brown to pay therefor. It was testified substantially by both Brown and appellant that the former was told by appellant that when his policy came, he could have the same examined by a lawyer at any time within ten days after the receipt of same and if it was not according to representation the money or note would be returned. Brown testifies that a week or ten days after the application was signed a Mr. McKinsey brought the policy to him and he also states that he took it and paid for it but was very busy and did not examine it. Shortly thereafter he did examine such policy and became dissatisfied with it and demanded his money back from appellant The main Texas office of the Federal Insurance Company, which issued said policy, and for which appellant was working, was in Dallas. It is not disclosed by the record whether or not the policy passed through appellant's hands after it was sent from the Dallas office and before it was delivered. It is clear from the record that the representations, if any, made by appellant were made prior to the time of the delivery and acceptance of the policy and that the obligation to pay therefor, if any, arose at the time of such delivery and acceptance.

For another reason the evidence fails to make out a case. The gist of this offense is the procuring by appellant of the payment of

the obligation to pay, etc,, by fraudulent representations. It has always been held in this State that in cases dependent upon such representations, same must not be mere false promises of professions as to future happenings or events, but must relate to something present or past. Conceding the truth of the claim of Brown and that all of the representations of appellant were made as he set forth, still the same were but promises and related only to future issuance and delivery of an insurance policy of a certain kind. The act of delivery of the policy and the collection from Brown do not seem to have been accompanied by any declarations, and if any were made they were by a man by the name of McKinsey.

There are various questions raised, but what has been said sufficiently disposes of the case.

For the reason stated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*